**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6137**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MATTHEW JAMES DURY,

Defendant - Appellant.

**No. 18-6184**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MATTHEW JAMES DURY,

Defendant - Appellant.

Appeals from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:08-cr-00016-MR-1)

Submitted: May 15, 2018                                  Decided: May 25, 2018

Before KEENAN and WYNN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Matthew James Dury, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew James Dury appeals the district court's orders construing his Fed. R. Civ. P. 60(b)(4) motion as an unauthorized successive 28 U.S.C. § 2255 (2012) motion and dismissing it for lack of jurisdiction, and denying his post-judgment motions. A certificate of appealability is not required to address the district court's jurisdictional dismissal of Dury's motion as a successive § 2255 motion. *See United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015). We conclude that the district court properly construed Dury's request for Rule 60(b) relief as a successive § 2255 motion over which it lacked jurisdiction. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). Additionally, we have reviewed the record and find no reversible error with respect to the denial of the post-judgment motions. We therefore affirm the denial of the post-judgment motions for the reasons stated by the district court. *United States v. Dury*, No. 1:08-cr-00016-MR-1 (W.D.N.C. Jan. 24, 2018; Feb. 14, 2018).

Additionally, we construe Dury's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

3

28 U.S.C. § 2255(h). Dury's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*